UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD GOMEZ,

            Plaintiff,

   v.

ACHARYA, et al.,

            Defendants.

No.  2:17-cv-2407 MCE CKD P

ORDER AND FINDINGS AND
RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion for leave to file an amended complaint, along with a copy of the proposed amended complaint.  (ECF Nos. 35, 36.)  Defendants have requested that the court screen the amended complaint (ECF No. 37) and modify the current discovery and scheduling order (ECF No. 38).

I.     First Amended Complaint

Federal Rule of Civil Procedure 15(a)(1)(B) provides that "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading." Defendants answered the complaint on June 18, 2019 (ECF No. 33), and plaintiff's motion to amend and proposed amended complaint were filed within twenty-one days of service of the answer (ECF Nos. 35, 36).  Accordingly, plaintiff is entitled to amend the complaint as a matter of course and his request to amend will be granted.

1   With respect to defendants' request for screening of the amended complaint, the court is

2   required to screen complaints brought by prisoners seeking relief against a governmental entity or

3   officer or employee of a governmental entity, and must dismiss a complaint or portion thereof if

4   the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which

5   relief may be granted," or that "seek[] monetary relief from a defendant who is immune from

6   such relief." 28 U.S.C. § 1915A(a), (b). Defendants' request for screening will therefore be

7   granted.

8   The complaint alleges that defendants Acharya, Liu, Enriquez, Limpiado, Salud, and

9   Ladan,[1] who are all registered nurses, were deliberately indifferent to plaintiff's serious medical

10  need on four separate occasions. (ECF No. 36 at 3-8.) "[T]o maintain an Eighth Amendment

11  claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious

12  medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble,

13  429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by

14  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

15  or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need

16  was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v.

17  Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

18  Plaintiff alleges that due to his quadriplegia he is required to use a catheter and, as a result,

19  experiences autonomic dysreflexia when his bladder is beyond capacity (90 cc). (ECF No. 36

20  at 3.) The symptoms include "Dry Sweats, Spasms, Shaking, [and] Extremely High Blood

21  Pressure," and are alleviated when his catheter is flushed. (Id.) The complaint asserts that

22  defendants failed to properly respond when plaintiff began to experience autonomic dysreflexia.

23  In addition to the two incidents described in the original complaint, the amended complaint adds

24  two additional incidents and one additional defendant. Plaintiff's allegations regarding the first

25  ───────────────
    [1] As with the original complaint, the first amended complaint discusses the actions of a number
26  of other medical providers. However, none of them are identified as defendants and will not be
    treated as such. Plaintiff was previously advised that if he wanted to bring claims against any
27  other individuals, he would have to clearly identify them as defendants. The court takes no
    position as to whether plaintiff would have viable claims against any individuals other than the
28  named defendants.

                                                2

two incidents, which occurred on January 1, 2017, and February 11, 2017, are nearly identical to the allegations in the original complaint (compare ECF No. 1 at 6-10 with ECF No. 36 at 3-6) and state claims for deliberate indifference against defendants Acharya, Liu, Enriquez, Limpiado, and Salud as outlined in the January 3, 2019 screening order (ECF No. 10).

During the third incident, which occurred on March 23, 2017, plaintiff began experiencing symptoms of autonomic dysreflexia and requested assistance via intercom. (Id. at 6.) Defendant Limpiado refused to respond to plaintiff's request and continued to refuse to flush his catheter until over two hours later when ordered to do so by a doctor. (Id.) These allegations are sufficient to state a claim for relief against Limpiado.

The fourth incident plaintiff alleges occurred on January 23, 2018, and involved newly added defendant Ladan. (Id. at 8.) However, it will be recommended that these claims and defendant Ladan be dismissed because they are improperly joined. Multiple claims may be joined if they are all against a single defendant, Fed. R. Civ. P. 18(a), and joinder of defendants is only permitted if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action," Fed. R. Civ. P. 20. In other words, joining more than one claim is only proper when it is against one defendant, and joining multiple defendants in one complaint is only proper when the action is based on the same facts. Here, the incident with defendant Ladan occurred ten months after the last incident with the other defendants and did not involve any of the other defendants. Accordingly, there are no grounds on which to join either the new claims or the defendant.

When parties are misjoined, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (citations omitted). In this case, the court finds that dismissal of defendant Ladan is appropriate. The incident involving Ladan occurred on January 23, 2018, and the statute of limitations for claims under § 1983 is two years, plus an additional two years of

3

1  tolling if plaintiff's sentence is for less than life.  Jones v. Blanas, 393 F.3d 918, 927 (9th Cir.

2  2004); Cal. Code Civ. Proc. § 335.1; Cal. Civ. Proc. Code § 352.1(a).  Therefore, even if plaintiff

3  is serving a life sentence and is not entitled to the additional two years of tolling, he has ample

4  time to initiate a new complaint against Ladan related to the January 23, 2018 incident, should he

5  choose to do so.  Accordingly, there is no prejudice to plaintiff in dismissing the claims against

6  Ladan without prejudice to re-filing in a separate action.

7       II.      Motion to Modify

8       Defendants have filed a motion to modify the discovery and scheduling order and request

9  that the court vacate the current deadlines in light of the recently filed first amended complaint.

10 (ECF No. 38.)  The motion will be granted and a new discovery and scheduling order will issue

11 once defendants have responded to the first amended complaint.

12      III.     Plain Language Summary of this Order for a Pro Se Litigant

13      The complaint states claims against defendants Acharya, Liu, Enriquez, Limpiado, and

14 Salud and they will be required to respond to the complaint.  The claims against defendant Ladan

15 are not properly joined and it will be recommended that they be dismissed without prejudice to

16 filing a separate complaint against Ladan.

17      In accordance with the above, IT IS HEREBY ORDERED that:

18      1.   Plaintiff's motion to amend the complaint (ECF No. 35) is granted.

19      2.   Defendants' request for screening of the first amended complaint (ECF No. 37) is

20 granted.

21      3.   Acharya, Liu, Enriquez, Limpiado, and Salud must respond to the first amended

22 complaint (ECF No. 36) within thirty days of service of this order.

23      4.   Defendants' motion to modify the discovery and scheduling order (ECF No. 38) is

24 granted.  The deadlines in the June 25, 2019 discovery and scheduling order (ECF No. 34) are

25 vacated and will be re-set once defendants have responded to the first amended complaint.

26      IT IS FURTHER RECOMMENDED that the claims against defendant Ladan be

27 dismissed without prejudice to being brought in a separate action.

28      These findings and recommendations are submitted to the United States District Judge

4

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The

parties are advised that failure to file objections within the specified time may waive the right to

appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 11, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:gome2407.1.ac.f&r

5