UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD GOMEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>ACHARYA, et al.,<br><br>    Defendants. | No.  2:17-cv-2407 MCE CKD P<br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983, has filed a motion to compel discovery (ECF No. 49) and a pretrial statement (ECF No. 54).

I.   Motion to Compel

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The court, however, may limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" or if the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P.

1

26(b)(2)(C).  The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties," Hickman v. Taylor, 329 U.S. 495, 501 (1947).

Where a party fails to produce documents requested under Federal Rule of Civil Procedure 34, the party seeking discovery may move for compelled production.  Fed. R. Civ. P. 37(a).  "The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).  Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v. Ochoa, No. 07-cv-0200 JM PCL, 2009 WL 1390794 at *1, 2009 U.S. Dist. LEXIS 42339 at *3 (S.D. Cal. May 14, 2009) (citations omitted); see also Nugget Hydroelectric, L.P. v. Pac. Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir. 1992) (upholding denial of motion to compel because moving party did not show the request fell within the scope of Rule 26(b)(1)).  The opposing party is "required to carry a heavy burden of showing why discovery was denied."  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

Plaintiff has filed a motion to compel in which he seeks to compel defendants to produce a transcription of portions of his medical records and a video recording.  (ECF No. 49.)  Defendants oppose the motion on the grounds that plaintiff is seeking the creation of a document not already in existence and that the request for production of surveillance video is a new request.

Defendants' objection to plaintiff's request that they provide him with a transcription of portions of his medical record because he is unable to read the handwritten record is well taken. Federal Rule of Civil Procedure 34 requires a party to produce documents in their "possession, custody, or control."  Fed. R. Civ. P. 34(a)(1).  In other words, their obligation is to produce documents already in existence, not to create new documents.  Defendants produced medical records that corresponded to the dates requested (ECF No. 52 at 4) but were under no obligation to provide a transcription of those records.  The motion will therefore be denied as to this request.

With respect to plaintiff's request to compel copies of surveillance video from specific dates, the motion will be denied. Defendants have provided a copy of plaintiff's requests for production showing that a request for such video was not previously made. (ECF No. 52-1 at 4-8.) Because plaintiff did not previously request the video, the motion to compel is improper as to this request and will be denied.

II.     Pretrial Statement

Plaintiff has filed a pretrial statement (ECF No. 54) and defendants have objected on the ground that it is premature and request that in the event the court construes the statement as a motion for summary judgment an order to that effect be issued and they be given an opportunity to respond (ECF No. 57).

Because the dispositive motion deadline has not yet passed, it has yet to be determined whether this case will proceed to trial and the pretrial statement is premature. If it is determined that this case will proceed to trial and a trial date is set, a deadline for filing pretrial statements will be set at that time. Furthermore, plaintiff's pretrial statement is not a motion for summary judgment and will not be construed as such. Accordingly, both the pretrial statement and defendants' response will be disregarded.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 49) is denied.

2. Plaintiff's pretrial statement (ECF No. 54) and defendants' response (ECF No. 57) are disregarded.

Dated:  June 8, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:gome2407.mtc.pretrial